In the
UNITED STATES COURT OF APPEALS
for the District of Columbia Circuit
Washington, D.C.  20001

_____
                                    )
INTERCOLLEGIATE BROADCASTING        )
    SYSTEM, Inc.,                   )
                                    )
             *Appellant,*            )
                                    )    Case No. 16-1198
    *v.*                             )
                                    )    81 Fed. Reg.  40190
COPYRIGHT ROYALTY BOARD             )
                                    )
    and                             )
                                    )
CARLA D. HAYDEN,                    )
Librarian of Congress,              )
                                    )
             *Appellees.*            )
_____ )

PETITIONER IBS' NON-BINDING STATEMENT OF ISSUES

1. Whether CRB/LOC violated the intent of Congress and the intent of the Statute to specifically benefit artists for the specific use of their music performances by webcasters by allowing certain webcasters to pay a $100.00 proxy in lieu of reporting their use of performances, thus making it impossible for specific artists to benefit

from their specially used performance(s).

2.  Whether Board's order for census reporting of use (ROU) violates the intent of Congress and the intent of the Statute to specifically benefit artists for the specific use of their music performances by webcasters, as the census reporting, even if technically possible by volunteer student webcasters, provides such a large amount of data in the ROU that it is uneconomical for the artist's collective to process the data and pay an artist for the specific use of their performance from the $500.00 annual minimum webcaster royalty payment by a specific webcaster, *i.e.*, is the minimum fee cost-effective from the standpoint of the beneficiary artists?

3.  Whether census reporting of use (ROU) violates the US Constitution Fifth Amendment, as the statute limits use of a specific artist to no more than three times in three hours, therefore census reporting requires the webcaster to self-incriminate themselves by reporting their violations of the statute's free speech restrictions on their broadcast/webcast use of an artist's performances.

4.  Whether the Librarian's "approval" of the CRB decision means that if the Librarian did not approve, that the Librarian could modify the CRB decision, as the Librarian did in October 2002 when the Librarian reduced the noncommercial

webcasting royalty decision by the CARP (Copyright Arbitration Review Panel), and if the current Librarian cannot amend the CRB decision whether the appointment of the Copyright Royalty Judges is constitutional.

5.  Whether if the royalty fee were based on the actual, very limited use of statutory music performances by student/educational publically owned/operated webcasters, at the agreed SX - NPR/CPB public rate of $0.001964 per ATH, and not an arbitrary $500.00 minimum that a sampling method of reporting would be required for a specific artist to benefit from the use of their specific performances by IBS Member public broadcasters/webcasters.

6.  Whether the limitations on the webcasting of subject recorded music violate the exercise of the artists' and webcasters' First Amendment rights.

                                                            s/_____
                                                                William Malone

                                                                <u>Attorney for</u>
                                                    <u>Intercollegiate Broadcasting System, Inc.</u>

July 22, 2016